**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RONALD LOVELACE, #225683,

        Petitioner,

v.                                                  CASE NO. 15-CV-11886

WARDEN J. BARRETT,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE MOTION FOR A STAY OF**
**THE PROCEEDINGS, DISMISSING THE PETITION FOR A WRIT OF**
**HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

        Michigan prisoner Ronald Lovelace ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state criminal proceedings. Petitioner pleaded guilty to delivery/manufacture of 50 to 449 grams of heroin and felony firearm in the Wayne County Circuit Court. He was sentenced to consecutive terms of one and a half to 20 years imprisonment and two years imprisonment in 2014. In his petition, he raises claims concerning the voluntariness of his plea and the effectiveness of trial and appellate counsel.

        The matter is before the court on Petitioner's motion to stay the proceedings and hold his habeas petition in abeyance so that he can return to the state courts and fully exhaust his ineffective assistance of appellate counsel issues. For the reasons stated herein, the court denies Petitioner's motion to stay the proceedings and instead dismisses without prejudice the habeas petition. The court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

## I. BACKGROUND

Petitioner states that he filed a motion to withdraw his plea with the state trial court concerning the voluntariness of his plea and the effectiveness of trial counsel. The trial court denied the motion and denied reconsideration. Petitioner then filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied "for lack of merit in the grounds presented." *People v. Lovelace*, No. 323715 (Mich. Ct. App. Nov. 7, 2014) (unpublished). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Lovelace*, _ Mich. _, 862 N.W.2d 209 (April 28, 2015). Petitioner dated his federal habeas petition on May 18, 2015 and dated his motion to stay the proceedings on June 2, 2015.

## II. DISCUSSION

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). Each issue must be presented to the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Welch v. Burke,* 49 F. Supp. 2d 992, 998 (E.D. Mich.

1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of demonstrating exhaustion of state court remedies. While his habeas petition indicates that he exhausted all of his claims in the state courts, his motion to stay the proceedings indicates that he has filed a "mixed petition" and has not fully exhausted his ineffective assistance of appellate counsel issues in the state courts.

Generally, a federal district court should dismiss a "mixed" habeas petition, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Rust*, 17 F.3d at 160. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). For example, an unexhausted claim may be addressed if pursuit of state court remedies would be futile, *see Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see*

*also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on merits despite failure to exhaust state remedies).

Additionally, a federal court has discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court, there is no evidence of intentional delay, and the unexhausted claims are not "plainly meritless." *Id*. at 277.

Petitioner has available remedies in the Michigan courts by which to satisfy the exhaustion requirement. As he acknowledges in his petition, he may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the state trial court and then pursue his unexhausted claims in the state appellate courts as necessary. Petitioner thus has additional remedies in the state courts which must be exhausted before he seeks federal habeas relief.

Petitioner requests a stay of the proceedings and to hold his habeas petition in abeyance while he pursues additional state remedies. A stay of the proceedings is not warranted. First, the one year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), does not pose a concern. The one-year limitations period does not begin to run until 90 days after the conclusion of direct appeal, *see Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (stating that a conviction becomes final when "the time for filing a certiorari petition expires"); *Lawrence v. Florida*, 549 U.S. 327, 333

(2007). The Michigan Supreme Court denied leave to appeal on April 28, 2015, and the time for seeking a writ of certiorari with the United States Supreme Court (90 days) has not yet expired. Petitioner dated his federal habeas petition on May 18, 2015. Thus, the one-year period has not yet begun to run. Moreover, while the time in which this case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled. *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). The limitations period will also be tolled during the time in which any properly filed post-conviction or collateral actions are pending in the state courts. *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). Petitioner thus has sufficient time, the full one-year period, to fully exhaust all of his issues in the state courts and return to federal court should he wish to do so.

Additionally, while there is no evidence of intentional delay, Petitioner has not shown good cause for failing to raise his additional issues in the state courts before seeking federal habeas relief. Lastly, Petitioner's unexhausted issues concern matters of federal law which do not appear to be "plainly meritless." Given such circumstances, a stay is unwarranted and a non-prejudicial dismissal of the petition is appropriate.

### III. CERTIFICATE OF APPEALABILITY

Before Petitioner may appeal the court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the

5

denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a federal court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  Reasonable jurists could not debate the correctness of the court's procedural ruling.

### IV. CONCLUSION

For the reasons stated, the court concludes that Petitioner must exhaust state court remedies as to all of his claims before proceeding on federal habeas review and that a stay is unwarranted.  Accordingly,

IT IS ORDERED that Petitioner's motion for a stay of the proceedings is DENIED and the petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE.  Should Petitioner wish to proceed only on the fully exhausted claims contained in his habeas petition, he may move to reopen this case and proceed on an amended habeas petition containing only fully exhausted claims within 30 days of the filing date of this order.  The court makes no determination as to the merits of his habeas claims.

IT IS FURTHER ORDERED that the court DECLINES to issue a certificate of appealability.

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  June 30, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 30, 2015, by electronic and/or ordinary mail.

                                          S/Lisa Wagner
                                          Case Manager and Deputy Clerk
                                          (313) 234-5522